IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| THE UPSTART GROUP, INCORPORATED, | ) ) ) |
| An Illinois corporation | ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| UPSTART GROUP, LLC, | ) ) |
| A Washington limited liability company, | ) ) ) ) |
| Defendant. | ) |

Case No.

JURY DEMAND

**COMPLAINT FOR DECLARATORY JUDGMENT
OF NON-INFRINGEMENT OF TRADEMARK RIGHTS**

Plaintiff, The Upstart Group, Incorporated ("TUGI"), by its undersigned counsel and as its Complaint against Defendant Upstart Group, LLC ("Defendant"), states:

**INTRODUCTION**

1. TUGI brings this action seeking a declaration that, by using TUGI as its company name and on its website www.upstartusa.com and the words "UPSTART" and "UPSTART GROUP" in commerce in connection with its e-commerce sales and marketing, product development and product sourcing services, it is *not* (a) infringing upon, (b) causing a likelihood of confusion with or (c) engaging in unfair competition with (i) Defendant's federally registered "UPSTART GROUP" design mark or (ii) any similar, alleged common law marks, and (d) TUGI may therefore use its name and the words "UPSTART" and "UPSTART GROUP" in connection with its services (as defined below) without interference from Defendant.

## THE PARTIES

2. TUGI, at all relevant times, was and is an Illinois corporation with its principal place of business in Cook County, Illinois. TUGI primarily provides e-commerce sales and marketing services to large manufacturers in the hardware and heavy consumer goods industries with respect to a limited number of online platforms such as Amazon.com, Grainger.com, Zoro.com and Target.com. In essence, TUGI helps manufacturers sell more of their products through these online platforms, skipping more traditional, expensive channels, and employs proprietary technology to do so. Additionally, TUGI sometimes acts as a *de facto* broker facilitating deals between Amazon as a purchaser and said manufacturers as sellers/suppliers. Finally, TUGI provides product design and procurement services to manufacturers and others, with the aim of ultimately selling those products on the same online platforms.[1]

3. Defendant, at all relevant times, was and is a Washington limited liability company with offices in Seattle, Washington and San Diego, California. According to its website www.upstartgroup.com, Defendant provides "Chief Marketing Offers (CMO) and marketing management services within a fractional-agency model." *Id*. In layman's terms, Defendant primarily provides smaller businesses that cannot afford their own CMOs or marketing departments with temporary, part-time marketing personnel.

4. Defendant is the owner of the federally registered design mark/logo, the "UPSTART GROUP." A true and correct copy of the Defendant's registered design mark/logo is attached hereto as Exhibit 1. On information and belief, Defendant also asserts common law

---

[1] Collectively, all of TUGI's services as outlined in this paragraph will be referred to herein as the "Services."

rights in the unregistered word marks "UPSTART" and "UPSTART GROUP" with respect to advertising, public relations and marketing services and consultancy services.[2]

## JURISDICTION

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338. The claims alleged in this Complaint arise under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the Lanham Act, 15 U.S.C. §§ 1114 and 1125.

## VENUE

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) and (3) because a substantial part of the events giving rise to TUGI's claims occurred in this District and because, on information and belief, Defendant is subject to personal jurisdiction in this District.

## DECLARATORY JUDGMENT THAT TUGI HAS NOT INFRINGED ON THE MARKS OR ENGAGED IN UNFAIR COMPETITION UNDER 15 U.S.C. §1125(a)

7. TUGI repeats Paragraphs 1 to 5 above as if fully set forth herein.

8. There is an actual, justiciable case or controversy between the parties. Specifically, Defendant (through counsel) has sent numerous emails and letters to TUGI's counsel in Chicago, Illinois: (a) asserting that TUGI is (i) infringing on the Marks and/or (ii) consumers are in fact confused and likely to be confused as to the source or affiliation of TUGI's Services and those of Defendant by virtue of the former's use of the words "UPSTART" and "UPSTART GROUP"; and (b) continually threatening litigation against TUGI if it does not cease and desist using the words "UPSTART" and "UPSTART GROUP" in connection with its Services. Defendant's last threat was that TUGI must comply with its demands by August 5, 2019.

---

[2] Collectively, Defendant's registered design mark and the unregistered word marks will be referred to herein as the "Marks."

9. TUGI has denied all of Defendant's assertions of infringement of the Marks and the existence of any actual or likelihood of confusion.

10. Defendant's repeated allegations that TUGI has infringed on the Marks and its repeated demands that TUGI cease and desist its use of its name and the words "UPSTART" and "UPSTART GROUP" in commerce has created a substantial controversy of sufficient immediacy.

11. Defendant's demands and threats have placed a cloud over TUGI's rights to continue using its name and the words "UPSTART" and "UPSTART GROUP" in commerce with respect to its Services.

12. Defendant's registered design mark, as used in commerce and reflected on its website is visually distinct from TUGI's use of "UPSTART" and "UPSTART GROUP" in terms of font, accompanying design and overall commercial impression. On information and belief, the same is true for Defendant's use of any alleged common law word marks.

13. TUGI's Services are significantly different from Defendant's, as aforesaid. In particular, and on information and belief, Defendant acts primarily as a *de facto* "temp agency" for customers, providing them with marketing personnel for a fee rather than direct marketing services. Moreover, TUGI's Services are direct and typically involve the provision of proprietary technological solutions that boost product sales on e-commerce platforms.

14. Regardless, and again on information and belief, any direct advertising, public relations and marketing services Defendant may offer to businesses are much broader than those offered by TUGI. Specifically, TUGI's Services are significantly limited both in terms of customers (large manufacturers of hardware or heavy consumer goods) and context (online platform), whereas Defendant's are not.

15. There are therefore significant differences between the prospective customers targeted by each of the Parties and the commercial contexts in which the Marks and/or words "UPSTART" and "UPSTART GROUP" are used.

16. Although TUGI has a single office in Cook County, Chicago, it renders its services primarily in cyberspace and to global manufacturers. On information and belief, Defendant's services are geographically limited to its offices and the Seattle and San Diego areas.

17. The degree of care likely to be exercised by TUGI's and Defendant's respective customers is high and the industries in which they respectively operate are extremely competitive.

18. Defendant's Marks are not strong in terms of distinctiveness, length of use, breadth of use or promotions. In fact, Defendant's field appears to be a "crowded" one in which others also employ similar marks and origin designators.

19. There is no intent on the part of TUGI to pass off its services as those of Defendant, nor would TUGI benefit from such attempt.

20. In light of the foregoing, there is no likelihood of confusion, mistake, or error among relevant consumers between the distinct Services of TUGI and those of Defendant, or as to any affiliation between them.

21. TUGI is not aware of any *bona fide* instances of actual confusion between its Services and those of Defendant.

22. TUGI is therefore entitled to a Declaration and Judgment that its use of "UPSTART" and "UPSTART GROUP" in connection with the Services do not infringe upon, cause a likelihood of confusion with or constitute unfair competition with Defendant's Marks.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, THE UPSTART GROUP INCORPORATED, prays that the Court enter judgment in its favor as follows:

1. declaring that TUGI's use of its name and/or the words "UPSTART" and/or "UPSTART GROUP" in connection with its Services does not constitute trademark infringement or unfair competition under the Lanham Act or any applicable state law;
2. declaring that Defendant is not entitled to any injunctive relief with respect to TUGI's use of its name or the words "UPSTART" and/or "UPSTART GROUP" in connection with its Services;
3. declaring that Defendants have not suffered any and will not suffer any harm or damages, and thus are not entitled to any relief under the Lanham Act or any applicable state law;
4. awarding TUGI its costs, expenses and attorneys' fees in this action; and
5. awarding such other further relief to TUGI that the Court may deem just and proper under the circumstance.

DATED: August 9, 2019

THE UPSTART GROUP, INC.
an Illinois Corporation

By: /s/ Robert J. Ambrose
One of its Attorneys

Robert J. Ambrose (ARDC #6238966)
rambrose@howardandhoward.com
Robert H. Smeltzer (ARDC #6208507)
rsmeltzer@howardandhoward.com
Howard & Howard Attorneys, PLLC
200 S. Michigan Ave., Ste. 1100
Chicago, IL 60604
(312) 372-4000
(312) 939-5617 / fax

4830-1361-6543, v. 1